(50 Misc. Rep. 338)

### McSWEGAN et al. v. GATTI-McQUADE CO.

#### (Supreme Court, Appellate Term. April 24, 1906.)

1. SALES—WARRANTY—WHAT CONSTITUTES.

  An agreement by a seller of a machine to set it up and put it in good working order does not amount to a warranty that the machine, when put in order, will do the particular work for which the buyers require it.

  [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 786.]

2. SAME—RESCISSION OF CONTRACT—RECOVERY OF PRICE PAID.

  The failure of a seller of a machine to fulfill a promise to put it in good working order would not justify a rescission of the sale and recovery of the purchase price, but merely damages for failure to fulfill the contract.

  [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 290, 293.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank McSwegan and another against the Gatti-McQuade Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Bigham & Wagner (Oscar Wagner, of counsel), for appellants.

Peck & McCann (Rollin Tracy, of counsel), for respondent.

SCOTT, P. J. It is difficult to understand upon what theory the court awarded the judgment which was rendered in this case. The action was for the balance claimed to be due upon a pressing machine sold by plaintiffs to defendant, and for certain other materials furnished and work done. The defendant pleaded a general denial, and a breach of warranty counterclaiming for the amount already paid for the machine. The court awarded defendant the full amount of its

counterclaim, and refused any recovery to the plaintiffs, although it is conceded that plaintiffs were entitled to recover all or a considerable part of their claim, outside of the claim for the balance of the purchase price of the machine.

Of any warranty there is not the slightest evidence. The machine was apparently a second-hand one, and defendant sent its foreman to examine it before purchasing, and made the purchase on his report. The nearest and only approach to any agreement as to the manner in which the machine would work is contained in the evidence of one of the defendants, who stated in effect that one of the plaintiffs agreed to set the machine up and put it in good working order, and this agreement is denied by the plaintiff who is said to have made it. At the most, however, this would not amount to a warranty that the machine, when put in order, would do the particular work for which the defendant required it; and even if the plaintiffs promised to put the machine in good working order, and failed to do so, this would not justify a rescission of the sale and a recovery of the purchase price, but merely damages for the failure to fulfill the particular contract as to setting up the machine. The judgment as rendered finds no support in the evidence, and justice requires that it be reversed.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.